## M. O. ANTHONY *v.* L. J. CAPEL.

1. RELEASE OF JUDGMENT. *Consideration.*
   The payment by the administrator of an estate insolvent in fact, to a creditor who has obtained judgment against the administrator on a note of his decedent, of a sum greater than what would be the *pro rata* share on the judgment to avoid insolvency proceedings, is a valid consideration to support a release of the judgment.

2. PRINCIPAL AND SURETY. *Release of principal after judgment.*
   A release of the principal debtor, against whom, with the surety, a joint judgment has been obtained, operates as a release of the surety.

ERROR to the Circuit Court of Marshall County.

Hon. ORLANDO DAVIS, Judge.

The plaintiff in error recovered a judgment on a note of John Falkner and L. J. Capel, in the Circuit Court of Marshall County, on 25th March, 1868, against L. G. Falkner, administrator of John Falkner, deceased, and said Capel.

Capel subsequently moved in said court to have the judgment entered satisfied in full, as to himself, because he was only a surety for the debt, and the plaintiff in the judgment had accepted $350 from the administrator of Falkner, the principal, and discharged his estate from all further liability, which operated as a release of the surety.

The motion was sustained, and the plaintiff took her bill of exceptions, which showed that the estate of John Falkner was in fact insolvent, and the *pro rata* on the judgment clearly less than $200. She compromised, through her agent, the

judgment with the administrator, who desired to avoid insolvency proceedings, by receiving $350 from him, and giving him the following receipt : —

"MEMPHIS, Dec. 2, 1868.

"Received of S. Guy Falkner, administrator of John Falkner, deceased, the sum of $350; and we hereby release said administrator and said estate from all liabilites on a judgment rendered in the Circuit Court of Marshall County, on 25th March, 1868, in favor of M. O. Anthony, against said administrator and S. J. Capel. This receipt releases said estate from said judgment and costs.

"J. H. TUCKER, Agent,

"For M. O. ANTHONY."

*Featherston, Harris & Watson*, for the plaintiff in error.

1. The debt was merged in the judgment, and the parties were each liable for the whole, subject to the statutory right of the surety to compel the money to be first taken from the principal. Inasmuch as the estate was insolvent, the compromise was in every way a benefit to Capel, he being now only liable for the balance of the judgment. Code 1857, p. 364, art. 1; Code 1871, § 2263; *Hunt* v. *Knox*, 34 Miss. 673; *Roberts* v. *Stewart*, 31 Miss. 667 ; *Perkins* v. *Lockwood*, 1 Am. Rep. 103.

2 The receipt was not under seal, and was without consideration to support it. Authorities, *supra.*

*Manning & Watson*, for the defendant in error.

1. The fact that the note was merged in a judgment did not affect the rights of the surety, as they existed before the judgment. Code 1857, p. 363; *Curran* v. *Colbert*, 3 Kelly, 239; *Bangs* v. *Strong*, 10 Paige, 11; 63 Ill. 272; 5 Barb. 520 ; *McDonald* v. *Ingraham*, 30 Miss. 389.

2. The receipt was on valid consideration, and therefore binding. *Dubuisson* v. *Folkes*, 30 Miss. 433 ; *Byrne* v. *Cummings*, 41 Miss. 192; *Magee* v. *Catching*, 33 Miss. 672; *Whitworth* v. *Harris*, 40 Miss. 483 ; *Crawford* v. *Avery*, 35 Miss. 205 ; 25 Miss. 556 ; 28 Miss. 56 ; Fells on Guaranty and Suretyship, 4, 5.

Chalmers, J., delivered the opinion of the court.

The release given by the judgment creditor to the administrator of the principal debtor was upon a valid consideration, and therefore binding. It is insisted, however, that it did not operate to release the surety on the original debt, against whom also the judgment had been rendered, because the original debt had become merged in the judgment, as to which both of the defendants were principals, and that therefore the release of one did not release the other.

Our statutes and decisions plainly keep alive the distinction between principal and surety after judgment, and therefore the release of the former will release the latter, whether it occurs before or after judgment. Code of 1857, p. 362, 363 ; Code of 1871, §§ 2258–2261 ; *Michie* v. *Planters' Bank*, 4 How. (Miss.) 130 ; *McMullen* v. *Hinkle*, 39 Miss. 142 ; *McDonald* v. *Ingraham*, 30 Miss. 389. *Judgment affirmed.*