J. L. MILLER, SHERIFF, ET AL. *v.* MRS. ANNIE LEWIS ET AL.

[60 South. 654.]

INJUNCTION. *Principal and surety. Extention of time. Release of surety.*

Where a party, having obtained a decree against the principal and sureties on an injunction bond for a certain amount of money, afterwards, without the consent of the sureties, extended the time of the payment of said money for a definite period in consideration of the giving of a trust deed by the principal for the same, the sureties were thereby released.

APPEAL from the chancery court of Copiah county.

HON. G. G. LYELL, Chancellor.

Suit by Mrs. Annie Lewis and others against J. L. Miller, sheriff, and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. F. Guynes,* for appellants.

Complainants' claim of discharge from liability as sureties on injunction bond is based on the sole ground that Mrs. Lindsey granted to the principal debtor, H. T. Millsaps, two extensions of time for payment without the knowledge or consent of sureties, one being granted when deed of trust was accepted by her from said H. T. Millsaps, the other when property named in deed of trust was delivered to her. The only defense possible under the law is to show either no extension to a definite time or to show consent and knowledge on the part of the sureties. This is the reason set out in the bill of complaint for the release of the sureties.

The answer clearly denies that there was either an agreement to extend time of payment or an intention to consent to such; further that if the effect of the dealing between Mrs. Lindsey and said H. T. Millsaps was to grant such extension, that said sureties had both actual and constructive knowledge of all the facts and consented thereto. A careful reading of the cases found fails to show that it was necessary for appellants in their answer either to show or to allege that sureties "directed" or "authorized" an extension in time of payment.

It is also alleged in the answer that Webster Millsaps with knowledge of all the facts waived any rights he may have had for discharge and promised to pay the entire debt. Such waiver deprives him now of any claim to a release. See 27 Am. & Eng. Ency. of Law (2 Ed.), p. 532.

If exceptions to answer were improperly sustained, this cause should have been heard on the facts.

*Webster Millsaps,* for appellees.

The court will find that the cases of *Timberlake* v. *Thayer,* 71 Miss. 279; *Brown* v. *Prophit,* 53 Miss. 649; *Moore* v. *Redding,* 69 Miss. 841, and the case of *Anthony* v. *Capel,* 53 Miss. 350, the latter case being a release of surety after judgment, and keeping alive the relationship of principal and surety after judgment. I think these cases settle our position in the matter.

REED, J., delivered the opinion of the case.

The appellees filed their bill for the purpose of obtaining an injunction to stay execution under a decree and to have the decree cancelled.

The decree was obtained by appellant, Mrs. Mary J. Lindsey, against H. T. Millsaps and the appellees, who were sureties on an injunction bond given by him, in the sum of two hundred dollars. H. T. Millsaps executed a deed of trust on certain property to secure to appellant, Mrs. Lindsey, the amount of the decree rendered against him and his sureties. The bill charges that Mrs. Lindsey accepted the deed of trust, and thereby, in consideration thereof, agreed with H. T. Millsaps to extend the payment of the amount of the decree until the maturity of the deed of trust; that the execution and delivery of the deed of trust, granting such extension of payment, was without the knowledge or consent of appellees, sureties to H. T. Millsaps on the injunction bond, and that this was known to Mrs. Lindsey when she extended the payment, and that the appellees were released and discharged from the obligation in the decree when Mrs. Lindsey accepted the deed of trust and granted the extension; that Mrs. Lindsey had directed the issuance of

an execution on the decree, which had been placed in the hands of J. L. Miller, sheriff, to be levied.

A demurrer was filed to the bill, and upon hearing of the same, in connection with the motion to dissolve the injunction, the court overruled both the motion and the demurrer. Then appellants answered the bill, and appellees excepted to the answer as insufficient. The chancellor sustained the exceptions, and, in giving his reasons for doing so, stated in the decree that "the said answer does not aver that Annie Lewis and Webster Millsaps, or either of them, directed the execution of the deed of trust mentioned in the bill of complaint, or that they authorized the extension of the payment of the indebtedness mentioned in the bill of complaint to H. T. Millsaps." The appellants declined to amend, and the injunction was made perpetual.

The rule in reference to a surety being released and discharged by reason of a transaction between the principal and the creditor, which has the effect of giving an extension of time, is stated in 32 Cyc., page 204, as follows: "Any contract upon a sufficient consideration, which, in its consequences may have the effect of giving an extension of time, discharges the surety. A stay of proceedings on a judgment, or an execution, will discharge the surety." In the case of *Harris* v. *West,* 25 Miss. 156, YERGER, J., in delivering the opinion of the court, said: "This court has recognized the doctrine repeatedly that if a creditor, without the consent of the surety, enters into a contract with the principal, upon a sufficient consideration, to give him an extension of time for a definite period, or enters into any contract with the principal, which in its consequences may have the effect of giving such an extension of time, the surety is released from his engagement." It was decided in *Anthony* v. *Capel,* 53 Miss. 350, that a release of the principal debtor, against whom, with the surety a joint judgment has been obtained, operates as a release of the surety.

In the present case, it seems clear that an extension of time was given to the principal for a sufficient consideration, consisting of the execution and delivery of the deed of trust on property securing the amount of the indebtedness shown in the decree, that this extension was for a definite period, and that by reason of the execution, delivery, and acceptance of the deed of trust, and the granting of an extension of time for a definite period to the principal, the sureties, the appellees herein, are released and discharged.

*Affirmed.*